UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] LUIS E. FAURA-CLAVELL, M.D.<br>[2] ALFONSO A. MADRID-GUZMAN, M.D.<br><br>Defendants. | Criminal Number: 13-622 (JAF)<br><br>I N D I C T M E N T<br><br>18 USC § 1001<br>(False Statements)<br><br><br>SIX COUNTS AND<br>FOREFEITURE ALLEGATION |

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At times material to this Indictment:

#### The United States Department of Labor and United States Postal Service

1. The United States Department of Labor ("DOL") Office of Workers' Compensation Programs ("OWCP") is an agency and department of the United States. DOL OWCP is responsible for oversight and implementation of the Federal Employees Compensation Act ("FECA") Program. The employees of the United States Postal Service (USPS) are eligible for the FECA program when an on the job injury occurs.

2. The DOL OWCP provides wage loss and medical benefits to employees who have become injured in the course of their official capacity within the USPS and are unable to work due to a disability.

3. All payments made under FECA to disabled USPS employees are financed by funds of the USPS.

4. In order for a USPS employee to qualify for FECA, the employee must be acting within the scope of their employment, become injured during their employment, and submit a claim, as defined in the Federal Employees Compensation Act ("Act"), codified as 5 USC 81.

5. Under the Act, the term injury is defined, *inter alia*, as injury by accident, or a disease proximately caused by the employment.

## FECA Claims Process

6. Pursuant to FECA regulations, a claimant must prove to DOL OWCP that he or she is disabled, by furnishing medical and other evidence with the application through a CA-1 Form. The application and supporting evidence is then evaluated by DOL OWCP to determine the claimant's medical impairment and the effect of that impairment on the claimant's ability to work on a sustained basis.

7. The claimant may provide a medical opinion from his or her treating physician or psychologist. If DOL OWCP finds the medical opinion to be well-supported and not inconsistent with other substantial evidence in the record, DOL OWCP gives the opinion controlling weight.

8. If a claimant's medical sources do not provide DOL OWCP with sufficient medical evidence concerning the claimant's impairments, DOL may request additional medical evidence.

9. An individual's statement of pain or other symptoms is not sufficient alone to support a finding of disability. The statement must be supported by objective medical evidence, which demonstrates conditions which could reasonably be expected to cause the symptoms claimed.

10. Upon a finding that a claimant is disabled, DOL OWCP evaluates the beneficiary's impairments from time to time, to determine continued eligibility for disability loss of wage benefits.

11. DOL OWCP's ability to properly determine a beneficiary's continued entitlement to FECA is directly dependent on DOL OWCP's ongoing access to accurate information regarding the beneficiary's medical condition. The beneficiary is therefore required to report changes in his or her condition immediately to the DOL OWCP.

12. Under the Act, the term disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

### The Defendants

13. The defendant, [1] **LUIS E. FAURA-CLAVELL**, was a Physiatrist, licensed to practice medicine in Puerto Rico, who operated a medical office in Guaynabo, Puerto Rico, where he treated patients. Many of the patients treated by the defendant, [1] **LUIS E. FAURA-CLAVELL**, were referred for SSA disability insurance benefits and to DOL OWCP, based on claims of physical limitations, supported by the medical reports submitted by the defendant, [1] **LUIS E. FAURA-CLAVELL**, and others.

14. Physiatrists are rehabilitation physicians, who have completed training in the medical specialty of physical medicine and rehabilitation. Physiatrists treat disabilities resulting from injuries or illness.

15. The defendant, **[1] LUIS E. FAURA-CLAVELL**, charged a fee for medical visits, and in addition to that fee, the defendant, **[1] LUIS E. FAURA-CLAVELL**, also charged a fee, typically in excel of $1,000.00, for preparing a disability report which would be submitted to SSA or DOL OWCP.

16. The defendant, **[2] ALFONSO A. MADRID-GUZMAN**, was a Psychiatrist, licensed to practice medicine in Puerto Rico, who operated a medical office in Guaynabo, Puerto Rico.

17. Psychiatrists are medical doctors who specialize in the diagnosis and treatment of mental disorders.

18. Many of the patients treated by the defendant, **[2] ALFONSO A. MADRID-GUZMAN**, were referred for DOL OWCP benefits based on claims of psychiatric disabilities, supported by the medical reports submitted by the defendant, **[2] ALFONSO A. MADRID-GUZMAN**.

19. The defendant, **[2] ALFONSO A. MADRID-GUZMAN**, charged a fee for the medical visits, and in addition to that fee, the defendant, **[2] ALFONSO A. MADRID-GUZMAN**, also charged a fee, typically in the amount of $150.00, for referral of medical records for patients to SSA.

## Treatment of Person A by Defendants
## [1] LUIS E. FAURA-CLAVELL and [2] ALFONSO A. MADRID-GUZMAN

20. At times material to this Indictment, the Federal Bureau of Investigation, and the Office of the Inspector General of the United States Postal Service, was investigating fraudulent Department of Labor, OWCP claims filed in the District of Puerto Rico.

21. At times material to this Indictment, and as a part of the law enforcement investigation, a person known to the Grand Jury, hereinafter referred to as "Person A", was evaluated and treated by the defendant, [1] LUIS E. FAURA-CLAVELL, as part of Person A's efforts to obtain Department of Labor, OWCP benefits.

22. Person A was selected as to act as a putative patient for the defendant, [1] LUIS E. FAURA-CLAVELL, among other things, because Person A was generally in good health, and was not suffering from any physical or mental disabling conditions.

23. Person A was treated by the defendant, [1] LUIS E. FAURA-CLAVELL, beginning on or about December 5, 2011, through on or about May 23, 2013.

24. The defendant, [1] LUIS E. FAURA-CLAVELL, referred Person A for psychiatric evaluation and treatment with the defendant, [2] ALFONSO A. MADRID-GUZMAN.

25. Person A was treated by the defendant, [2] ALFONSO A. MADRID-GUZMAN, beginning on or about August 10, 2012, through on or about, January 31, 2013.

26. The defendant, [1] LUIS E. FAURA-CLAVELL, submitted medical reports to DOL OWCP suggesting that Person A was suffering from disabling medical conditions, had

reached maximum medical improvement, and was totally disabled to perform her job duties. He further concluded that Person A required emotional evaluation and treatment, and was not a candidate for vocational rehabilitation or reasonable accommodation.

27. The defendant, **[2] ALFONSO A. MADRID-GUZMAN**, submitted medical reports to DOL OWCP suggesting that Person A was suffering from disabling psychiatric conditions, and that Person A was suffering from major depression, anxiety, sadness, anhedonia, insomnia, poor concentration, loss of appetite, and feelings of insecurity, in addition to physical symptoms. The defendant, **[2] ALFONSO A. MADRID-GUZMAN**, concluded that Person A has a poor prognosis, and was unable to return to work.

### Approval of Benefits for Person A

28. On or about December 16, 2011, DOL OWCP approved Person A's application for benefit payments. However, due to the fact that Person A was not a *bona fide* claimant, and was working with law enforcement as part of an undercover investigation, Person A was never paid any sums of money DOL OWCP.

### COUNT ONE

### False Statements
### Title 18, United States Code, Section 1001

1. Paragraphs one through twenty-eight of the General Allegations are realleged and incorporated herein by reference, as if fully set forth herein.

2. On or about January 24, 2012, in the District of Puerto Rico, the defendant,

**[1] LUIS E. FAURA CLAVELL, M.D.**,

knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Department of Labor, a department or agency of the United States, in that the defendant indicated on a U. S. Department of Labor Office of Workers' Compensation Program Duty Status Report that Person A was in distress and suffering from cervical and back conditions. These representations were false, as the defendant, **[1] LUIS E. FAURA CLAVELL, M.D.**, then and there well knew, and Person A was not suffering from these medical conditions . In violation of Title 18, United States Code, Section 1001.

## COUNT TWO

### False Statements
### Title 18, United States Code, Section 1001

1. Paragraphs one through twenty-eight of the General Allegations are realleged and incorporated herein by reference, as if fully set forth herein.

2. On or about August 10, 2012, in the District of Puerto Rico, the defendant,

**[1] LUIS E. FAURA CLAVELL, M.D.**,

knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Department of Labor, a department or agency of the United States, in that the defendant indicated on a Medical Report addressed to the U. S. Department of Labor that Person A was suffering from chronic cervical disc and back conditions, and major depression with anxiety, and that Person A had reached maximum medical improvement and was totally disabled to perform his/her job duties. These representations were false, as the defendant, **[1] LUIS E. FAURA CLAVELL, M.D.**, then and

there well knew, and Person A was not suffering from these medical conditions, and was able to work. In violation of Title 18, United States Code, Section 1001.

## COUNT THREE

### False Statements
### Title 18, United States Code, Section 1001

1.   Paragraphs one through twenty-eight of the General Allegations are realleged and incorporated herein by reference, as if fully set forth herein.

2.   On or about February 28, 2013, in the District of Puerto Rico, the defendant,

**[1] LUIS E. FAURA CLAVELL, M.D.,**

knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Department of Labor, a department or agency of the United States, in that the defendant indicated on a U. S. Department of Labor Office of Workers' Compensation Program Work Capacity Evaluation Form that Person A was suffering from a sprain of the back, lumbar region displacement of cervical intervertebral disc without myelopathy, that Person A had reached maximum medical improvement, and that Person A was totally disabled to perform any job duties. These representations were false, as the defendant, **[1] LUIS E. FAURA CLAVELL, M.D.**, then and there well knew, and Person A was not suffering from these medical conditions. In violation of Title 18, United States Code, Section 1001.

## COUNT FOUR

### False Statements
### Title 18, United States Code, Section 1001

1.   Paragraphs one through twenty-eight of the General Allegations are realleged and incorporated herein by reference, as if fully set forth herein.

2. On or about February 27, 2013, in the District of Puerto Rico, the defendant,

**[2] ALFONSO A. MADRID-GUZMAN, M.D.,**

knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Department of Labor, a department or agency of the United States, in that the defendant indicated on a Medical Report addressed to the U. S. Department of Labor, that Person A was suffering from symptoms of anxiety, sadness, insomnia, poor attention, poor concentration, and diagnosed Person A as soffering from Major Depression Severe, and Generalized Anxiety, in addition to cervical injury and chronic back pain. These representations were false, as the defendant, **[2] ALFONSO A. MADRID-GUZMAN, M.D.**, then and there well knew, and Person A was not suffering from these psychiatric or medical conditions. In violation of Title 18, United States Code, Section 1001.

## COUNT FIVE

### False Statements
### Title 18, United States Code, Section 1001

1. Paragraphs one through twenty-eight of the General Allegations are realleged and incorporated herein by reference, as if fully set forth herein.

2. On or about March 27, 2013, in the District of Puerto Rico, the defendant,

**[2] ALFONSO A. MADRID-GUZMAN, M.D.,**

knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Department of Labor, a department or agency of the United States, in that the defendant indicated on a U. S. Department of Labor Office of Workers' Compensation Programs Work Capacity Evaluation that Person A was suffering from sadness, major depression, poor concentration and attention, anhedonia, and

Case 3:13-cr-00622-DRD-MEL   Document 3   Filed 08/30/13   Page 10 of 11

Indictment
Page No. 10

isolation, and was unable to perform his/her job. These representations were false, as the defendant, **[2] ALFONSO A. MADRID-GUZMAN, M.D.**, then and there well knew, and Person A was not suffering from these psychiatric or medical conditions. In violation of Title 18, United States Code, Section 1001.

### COUNT SIX

### False Statements
### Title 18, United States Code, Section 1001

1. Paragraphs one through twenty-eight of the General Allegations are realleged and incorporated herein by reference, as if fully set forth herein.

2. On or about June 24, 2013, in the District of Puerto Rico, the defendant,

### [2] ALFONSO A. MADRID-GUZMAN, M.D.,

knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Department of Labor, a department or agency of the United States, in that the defendant indicated on a Medical Report to be submitted to the U. S. Department of Labor Office of Workers' Compensation Programs Work, that Person A was suffering from the following psychological symptoms: anxiety, sadness, anhedonia, insomnia, poor concentration and attention, loss of appetite, feelings of insecurity; that Person A was suffering from major depression, had a poor prognosis, and was unable to return to work. These representations were false, as the defendant, **[2] ALFONSO A. MADRID-GUZMAN, M.D.**, then and there well knew, and Person A was not suffering from these psychiatric or medical conditions. In violation of Title 18, United States Code, Section 1001.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
María A. Domínguez
First Assistant U.S. Attorney

_____
Wallace A. Bustelo
Special Assistant U.S. Attorney

Dated: 8/30/13

TRUE BILL

Foreperson
Dated: 8/30/13