

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**LUIS E. FAURA-CLAVELL, M.D.,**<br>Defendant. | **Criminal No. 13-622 (JAG)**<br>**13-623 (DRD)** |



### PLEA AGREEMENT
### (Pursuant to Rule 11(c)(1)(A) and (B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, Maria A. Dominguez, First Assistant United States Attorney, and the defendant, Luis E. Faura Clavell, M.D., and defendant's counsel, Luis Rafael Rivera, and pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

### 1. COUNT TO WHICH DEFENDANT PLEADS GUILTY

In case number 13-622 (DRD), the defendant agrees to plead guilty to Count Two of the Indictment.   In case number 13-623 (JAG), the defendant agrees to plead guilty to Counts Two and Count Four of the Indictment.   Each of these counts charge the defendant, Luis E. Faura Clavell, M.D., with having made a materially false, fictitious, and fraudulent statement and representation to the Department of Labor on August 10, 2012 (as to "Person A"), on March 26, 2013, (as to "Person B"), and on June 10, 2013, (as to "Person C"). Each of these statements was made in connection with medical reports provided in support of Disability Insurance Benefits

1

applications, and each report misrepresented the medical condition of the applicant, in order to maximize the possibility that Persons A, B, and C obtained the benefits, to which they were no entitled,    in violation of Title 18, U. S. C. §1001.

## 2. STATUTORY PENALTIES

The statutory penalty for each of the offense to which the defendant, Luis E. Faura Clavell, M.D., is a term of imprisonment of no more than five years, a fine of not more than two hundred fifty thousand dollars ($250,000.00), or both, and a term of supervised release of not more than three (3) years in addition to any term of incarceration.

## 3.    SPECIAL MONETARY ASSESSMENT



Defendant understands that the Court must impose a mandatory penalty assessment of one hundred dollars ($100.00) per count of conviction, for a total of three hundred dollars ($300.00) to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.    Prior to or at the time of sentencing, the defendant shall pay the special monetary assessment pursuant to Title 18, United States Code, Section 3013(a).

## 4. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2(i) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release.    Because Persons A, B, and C were working in conjunction with law enforcement in the investigation of this case, no losses inured to the Department of Labor.

5.    **SENTENCING GUIDELINE CALCULATIONS**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provisions of the Sentencing Guidelines, Title 18, <u>United States Code</u>, Section 3551, et. seq. (hereinafter Guidelines) as Guidelines are advisory in nature.   Furthermore, the defendant acknowledges to be aware that parole has been abolished and that the imposition of sentence may not be suspended.

The United States and the defendant agree that the following Sentencing Guidelines calculations are reasonable for the imposition of sentence in this case:



| SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| BASE OFFENSE LEVEL [ U.S.S.G. § 2B1.1] | 6 |
| SPECIFIC OFFENSE CHARACTERISTIC (Between $120,000 and $200,000 **intended loss**) | 10 |
| USE OF SPECIAL SKILL [U.S.S.G. §3B1.3] | +2 |
| ACCEPTANCE OF RESPONSIBILITY [U.S.S.G. § 3E1.1] | - 2 |
| TOTAL OFFENSE LEVEL    (21 – 27 months) | 16 |

6.    RULE 11(c)(1)(A) and (B)

The defendant is aware that the sentence is within the sound discretion of the sentencing judge and may be imposed in accordance with the <u>United States Sentencing Guidelines, Policy Statements, Application, and Background Notes,</u> which are advisory.   The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.   If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7.   **SPECIFIC SENTENCE RECOMMENDATION**

The government may recommend any sentence within the sentencing range contemplated in this Plea Agreement.   The defendant reserves the right to argue for any sentence under the U.S.S.G., including a departure or a variance.

8.   **STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate to Criminal History Category.

9.   **SATISFACTION WITH COUNSEL**

The defendant represents to the Court he is satisfied with counsel, Luis Rafael Rivera, Esq., and indicates that counsel has rendered effective legal assistance.

10.   **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.   Defendant understands that the rights of criminal defendants include the following:

a.      If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.      If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The defendant and the defendant's attorneys would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.   The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is

4

presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately, if there were multiple charges.

        c.      If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

        d.      At a trial, the United States would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

        e.      At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.   If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

11.    **STATEMENT OF FACTS**

    The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement.   Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

12. **LIMITATIONS OF PLEA AGREEMENT**

Defendant understands that this plea agreement extends only to the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

13. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsels.   The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other terms and conditions not stated herein.

14. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all of the parties.

15. **VOLUNTARINESS OF GUILTY PLEA**

The defendant understands that the defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of its agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

16. **WAIVER OF APPEAL**

The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences her according to its term, conditions and recommendations, defendant waives and surrenders his right to appeal the judgment and sentence in this case.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

Maria A. Dominguez
First Assistant U.S. Attorney
Dated: June 30 , 2014

Luis Rafael Rivera, Esq.
Counsel for Defendant
Dated: Jul 30 , 2014

Luis E. Faura Clavell, M.D.
Defendant
Dated: Jul 30 , 2014

7

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: _June 30-14_                     X _____
                                        Luis E. Faura Clavell, M.D.
                                        Defendant


I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, we have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: _June 30-14_                     _____
                                        Luis Rafael Rivera, Esq.
                                        Counsel for Defendant

8

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 18, <u>United States Code</u>, Sections ~~2 and 371~~ 1001.

Persons A, B, and C were introduced as putative patients of the defendant, Dr. Luis E. Faura Clavell, as part of a collaborative investigation spearheaded by the United States Department of Labor, to identify beneficiaries who were filing fraudulent applications for Worker's Compensation Benefits, and physicians who were filing fraudulent medical reports in support of those claims. These benefits are available to Federal employees, including employees of the United States Postal Service, who were injured during the scope of their employment.  The benefits provided include wage loss and medical benefits, if the employee is unable to work due to a disability.   If the disability remains unchanged, then these tax-free benefits would continue until the employee's death.     Dependents of the employee are also eligible to receive the benefits.

Persons A, B, and C were selected for this covert role due to the fact that they were in good physical health, and sound mental health, and would not legitimately qualify for disability benefits.   In each of these cases, Dr. Clavell submitted false and fraudulent medical reports to the Department of Labor, indicating that Persons A, B, and C were disabled and unable to work. Specifically, with respect to Person A, he indicated that he/she was suffering from chronic cervical disc and back conditions, and major depression with anxiety, and that Person A had reached maximum medical improvement and was totally disabled to perform his/her job duties. With respect to Person B, the defendant, Luis E. Faura Clavell, M.D., indicated that he/she was suffering from a chronic wrist sprain and tendonitis of the wrist, and ulnar deviation. Lastly, with

respect to Person C, the defendant indicated that he/she was suffering from left tender shoulder bursa and left shoulder tendosis.   Additionally, the defendant back-dated the Duty Status Report submitted to the Department of Labor, to reflect a date of examination of May 7, 2013.

The amount of loss reflected in the USSG calculation represents an intended loss, but not the actual loss sustained by the Department of Labor.   The Department of Labor did not sustain any losses because the patients were working in an undercover capacity and did not keep any monies belonging to the DOL.

Maria A. Dominguez
First Assistant U.S. Attorney
Dated: June 30        , 2014

Luis Rafael Rivera, Esq.
Counsel for Defendant
Dated: June 30        , 2014

Luis E. Faura Clavell, M.D.
Defendant
Dated: June 30 2014